THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MICHAEL RUSSELL,<br><br>Plaintiff,<br><br>vs.<br><br>PARAGON FARMS, LLC, QUIN SZUCS and MEGAN SZUCS<br><br>Defendants. | CASE No.:<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Michael Russell ("Plaintiff"), alleges and states his claims against the defendants, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over defendant Quin Szucs ("Quin") by virtue of his residing and doing business in this district.

3. This Court has personal jurisdiction over defendant Megan Szucs ("Megan") by virtue of her residing and doing business in this district.

4. This Court has personal jurisdiction over defendant Paragon Farms, LLC ("Paragon Farms") because its headquarters is located in and it does business in this district.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## PARTIES

6. Plaintiff is professional freelance photographer who is a citizen of Canada.

7. According to the South Carolina Secretary of State's records, Paragon Farms, LLC is a South Carolina company doing business at 1488 S. McElhaney Road, Greer, South Carolina 29651; it may be served through its registered agent, Megan Szucs, at the same address.

8. Upon information and belief, but not the South Carolina Secretary of State records, Quin is a managing member and officer of Paragon Farms; he may be served at the same address as Paragon Farms.

9. Upon Information and belief, but not the South Carolina Secretary of State records, Megan is a managing member and officer of Paragon Farms; she may be served at the same address as Paragon Farms.

## FACTS

10. Plaintiff is an independent, professional photographer who creates photographs that often display nature in uniquely artistical ways and which he licenses to others for use.

11. Plaintiff created, was the author of, and at all times owned the copyrights to a photograph of Concord grapes, shown below (the "Photo"):



12. Plaintiff first published the Photo when he posted it on-line and offered it for licensing on or about October 21, 2022.

13. On or about February 3, 2023, Plaintiff prominently featured the Photo in a blog posted on his website at https://www.mrussellphotography.com.

14. Plaintiff registered the Photo, with others, with the U.S. Copyright Office ("USCO"), including it in the deposit copies for this registration and on the required list of titles supplied to the USCO.

15. Plaintiff received Certificate of Registration number VA 2-335-812, with an effective date of January 16, 2023; a true copy of which is shown in Exhibit A, attached.

16. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq*., as amended, and all other laws and regulations governing copyrights with respect to the Photo.

17. Plaintiff has never granted an exclusive license for any rights in and to the

Photo.

18. Plaintiff has not permitted any licensees of the Photo to sublicense or otherwise license out the Photo.

19. On or about June 9, 2025, via a reverse image search, Plaintiff discovered that Paragon Farms had reproduced and displayed the Photo on its website (www.plantthetrees.com/product-page/concord-grape) and its server (https://static.wixstatic.com/media/11f853_1fe0ead0a661441593f3c58bbd907780~mv2.png) using it in a commercial manner, as seen in the examples shown in Exhibit B, attached.

20. Plaintiff did not license or otherwise authorize Paragon Farms to reproduce, display, or in any other manner use his Photo.

21. Plaintiff first discovered Paragon Farms's illicit reproduction, display, and distribution of the Photo on or about June 9, 2025; thus, his claims are well within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

22. On June 16, 2025, Plaintiff, through counsel, emailed Paragon Farms a cease-and-desist letter to farming.paragon@gmail.com; the letter included an offer to settle.

23. Plaintiff did not receive a response to that email; however, the Photo was removed from Paragon Farms' website.

24. On January 15, 2026, counsel followed-up with an email to the same

address explaining that the matter was not closed and enclosing a draft of this complaint. A hard copy of that communication was mailed to Paragon Farms' registered agent.

25. No response was received prior to the filing of this complaint.

## FIRST CAUSE OF ACTION
**(Copyright Infringement by Paragon Farms, LLC)**

26. To the extent not inconsistent with the below, Plaintiff re-alleges and incorporates by reference the above allegations as if they were repeated herein.

27. Paragon Farms obtained the Photo online, reproduced it, then displayed it on its website as a means of advertising the sale of its goods.

28. Paragon Farms has not compensated Plaintiff for its reproduction and display, and commercial use of the Photo.

29. Paragon Farms's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyright in the Photo, including without limitation, Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. As a direct and proximate result of its wrongful conduct, Paragon Farms has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff for the Photo. Accordingly, Plaintiff seeks an award of actual and/or statutory damages pursuant to 17 U.S.C. § 504.

31. Since the effective date of the Photo's copyright registration preceded the infringements complained of here, the registration is timely under 17 U.S.C. § 412;

therefore, Plaintiff is entitled to statutory damages for Paragon Farms's infringement of the Photo, as well as attorneys' fees and costs, under 17 U.S.C. §§ 504 and 505.

32. The Photo, where it appears legitimately, contains credit lines, metadata, and other information identifying that the Photo is protected and not free to use.

33. Because the uses online included such information, Paragon Farms had actual and constructive notice that the Photo was specifically protected by copyright and not free to use.

34. Paragon Farms displays many photographs on its website and social media and therefore either understands the need to license photographs or ignores the copyright status of all the photography it uses.

35. Therefore, Paragon Farms understands copyright or it systematically ignores the copyright status of the photographs it reproduces and displays.

36. Since Paragon Farms' reproduction and display of the Photo was done (1) with actual knowledge such use was unauthorized, and/or (2) with recklessness as to the Photos' copyright status, the infringement was willful; Plaintiff is therefore entitled to and seeks the recovery of enhanced statutory damages for Paragon Farms willful infringement of the Photo, under 17 U.S.C. § 504.

### SECOND CAUSE OF ACTION
### (Vicarious Infringement by Quin Capria)

37. To the extent not inconsistent with the below, Plaintiff re-alleges and

incorporates by reference the above allegations as if they were repeated herein.

38. As member and officer of Paragon Farms, Quin had both a legal right and the practical ability to stop or limit the directly infringing conduct of Paragon Farms, including its reproduction and display of the Photo.

39. Additionally, Quin gained a direct financial benefit from Paragon Farms' direct infringement via, at minimum, saving the cost of licensing the Photo, as well as increased customer goodwill, and sales derived from that goodwill and increased equity value, generated from the illicit use of the Photo.

40. As such, Quin had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Quin is vicariously liable, jointly and severally with Paragon Farms, for the direct infringement here.

41. As a direct and proximate result of Quin's vicarious and/or contributory infringement, Plaintiff has suffered injuries and damages.

## THIRD CAUSE OF ACTION
### (Vicarious Infringement by Megan Capria)

42. To the extent not inconsistent with the below, Plaintiff re-alleges and incorporates by reference the above allegations as if they were repeated herein.

43. As member and officer of Paragon Farms, Megan had both a legal right and the practical ability to stop or limit the directly infringing conduct of Paragon Farms, including the reproduction and display of the Photo.

44. Additionally, Megan gained a direct financial benefit from Paragon Farms' direct infringement via, at minimum, saving the cost of licensing the Photo, as well as increased customer goodwill, and sales derived from that goodwill and increased equity value, generated from the illicit use of the Photo.

45. As such, Megan had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Megan is vicariously liable, jointly and severally with Paragon Farms, for the direct infringement here.

46. As a direct and proximate result of Megan's vicarious and/or contributory infringement, Plaintiff has suffered injuries and damages.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1. Declare that the Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

2. Order that Paragon Farms directly infringed on Plaintiff's copyright in and to the Photo and is liable for the infringement;

3. Order that Paragon Farms's infringement was legally willful;

4. Order that Quin Szucs is vicariously and/or contributorily liable, jointly and severally with Paragon Farms, for its direct infringement of Plaintiff's copyright in and to the Photo;

5. Order that Megan Szucs is vicariously and/or contributorily liable, jointly and severally with Paragon Farms, for its direct infringement of Plaintiff's copyright in and to the Photo;

6. Order Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants due to their infringements of Plaintiff's copyrights in and to the Photo; or such damages as are proper;

7. Award Plaintiff profits and actual damages in such amount as may be found under 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photo;

8. Alternatively, award statutory damages in the amount of no less than $30,000, under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;

9. Upon a finding that Defendant(s) willfully infringed Plaintiff's copyrights in the Photo, award Plaintiff statutory damages in the amount of $150,000, under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;

10. Award Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, under 17 U.S.C. § 505;

11. Enter a permanent injunction enjoining Defendants from engaging in any further acts of copyright infringement of the Photo; and,

12. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing claims.

This 19th day of February 2026.

        Respectfully Submitted,

        KIM AND LAHEY LAW FIRM, LLC

        */s/ Hunter Freeman*
        Hunter Freeman (Fed. ID 9313)
        3620 Pelham Road, PMB 213
        Greenville, SC 29615
        Tel. 864-609-3473
        hfreeman@kimandlahey.com

        *Counsel for Plaintiff*